UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP, CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-4,<br><br>            Plaintiff,<br><br>    v.<br><br>MARK BELLINGER,<br><br>            Defendant.<br>_____ / | Case No. 1: 14-cv-1538-JAM-BAM<br><br>**FINDINGS AND RECOMMENDATIONS TO REMAND CASE TO CALVERAS COUNTY SUPERIOR COURT**<br><br>**VACATING HEARING ON OCTOBER 10, 2014 ON THE MOTION TO REMAND** |

Defendant Mark Bellinger ("Defendant"), proceeding pro se, filed this "removal" action on September 2, 2014. (Doc. 1.) On September 5, 2014, Plaintiff U.S. Bank filed a motion to remand. Doc. 2.) Defendant filed an opposition to the motion on September 25, 2014. (Doc. 7.) The underlying complaint is an unlawful detainer action filed by Plaintiff. By order on September 19, 2014, this motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.[1]  The Court determines the matter is suitable for decision without oral argument.  Therefore, the hearing set for October 10, 2014 is vacated and the matter is hereby submitted on the pleadings.  See Local Rule 78-230(g).  Having considered the parties' papers, the

---

[1] By order on October 1, 2014, this Court redesignated this removed case to its own, separate case. Defendant had removed the unlawful detainer action "into" an existing case which Defendant has against this plaintiff and other parties.  The Court determined that this unlawful detainer action should be its own case.

1

entire file in this action and in the case of 1:14-cv-1076, *Bellinger v. Wells Fargo*, the Court rules as follows. For the reasons stated below, the Court lacks subject matter jurisdiction over this unlawful detainer action, and therefore recommends this case be remanded to the Calaveras County Superior Court**.**

**DISCUSSION**

**A.** **Legal Standard**

28 U.S.C. § 1441(a) empowers a defendant to remove an action to federal court if the district court has original jurisdiction. *Catepillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). The removal statute provides:

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

A removing party must file a notice of removal of a civil action within 30 days of receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). Removal statutes are strictly construed with doubts resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden to prove propriety of removal. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683–685 (9th Cir.2006); *Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.2004) ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). A district court may remand an action to state court for lack of subject matter jurisdiction or a defect in the removal procedure. 28 U.S.C. § 1447(c).

**B.** **This Court Does Not Have Subject Matter Jurisdiction over Plaintiff's Claims**

**1.** **Federal Question Jurisdiction**

Defendant alleges that removal is proper based on federal question jurisdiction. (Doc. 7.) Defendant argues that federal question jurisdiction exists because he is challenging the constitutionality of the foreclosure statutes under which Plaintiff obtained title to the property.

Defendant contends the California foreclosure statutes, Cal Code Civ.P. §§1161-1162 and Cal.Civ.C. §§2924-2934, violate Due Process, Equal Protection and other Constitutional provisions.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." *Catepillar*, 482 U.S. at 392. To invoke federal question jurisdiction, a complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008).

The complaint states a single cause of action for unlawful detainer. Doc. 1, p. 8. Plaintiff alleges that it served on Defendant a written Notice to Occupants to vacate premises and that defendant did not vacate the premises.[2] Claims for unlawful detainer arise under state law, not federal law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D.Cal.2011) ("Unlawful detainer actions are strictly the province of state court"); *Deutsche Bank Nat'l Trust Co. v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at * 2 (C.D.Cal.2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). Accordingly, the Court does not have subject matter jurisdiction because the complaint does not contain a federal question.

Defendant argues that removal is proper because he has challenged the complaint by alleging that the statutes are unconstitutional. However, any purported federal law defense or counterclaim is insufficient to confer jurisdiction over Plaintiff's unlawful detainer action. *Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1075 (9th Cir.2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the

---

[2] A complaint for unlawful detainer is a very specific action. See Cal.Civ.Proc.Code § 1161 a. It exists to provide a landlord with a remedy of a speedy eviction. *Childs v. Eltinge*, 29 Cal.App.3d 843, 853, 105 Cal.Rptr. 864 (Cal.Ct.App.1973) (affirming that "the very purpose of this statutory, summary procedure, [is] to afford an expeditious and adequate remedy for obtaining possession of premises wrongfully withheld by tenants"). Defendant contends his defense is that Plaintiff obtained title unconstitutionally. A defendant generally may not challenge the plaintiff's title as a defense to the unlawful detainer action. Code of Civil Procedure section 1161a.

plaintiff's complaint."). Thus, Defendant fails to invoke federal question jurisdiction despite his argument that he is challenging the Constitutionality of state statutes.

### 2. Diversity Jurisdiction

Federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 553, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). In an unlawful detainer action, "the right to possession alone [is] involved- not title to the property." *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10–05478 PJH, 2011 WL 204322, at *2 (N.D.Cal. Jan. 21, 2011).

Here, Plaintiff does not claim damages in excess of the jurisdictional amount. The Complaint for Unlawful Detainer states that the amount of damages claimed in the action does not exceed $10,000.00, and the relief requested is limited to restitution of the property. Doc. 1, p. 8. As Plaintiff does not claim damages in excess of $75,000, Defendant has the burden of showing that more than $75,000 is in controversy. *Sanchez v. Monumental Life Ins.,* 102 F.3d 398, 403 (9th Cir. 1996) (A defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.")

Defendant argues that the amount in controversy is the amount of the lien on the property and not the rental value of the property. The lien approximates $455,000.

Here, the amount in controversy does not exceed $75,000. In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and plaintiff may collect only damages that are incident to that unlawful possession. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322, at *2 (*quoting Evans v. Super. Ct*., 67 Cal.App.3d 162, 170 (1977)). The unlawful detainer complaint does not seek anywhere near $75,000. Thus, the amount in controversy fails to establish diversity jurisdiction.

### 3.     Removal "into" a Pre-existing Case

The Court does not consider any other pending case to determine its jurisdiction in the removed action. Here, upon removal, the Calaveras County unlawful detainer action was improperly incorporated into a pre-existing federal case. The pre-existing federal case was filed on July 10, 2014 by Mark Bellinger (plaintiff in the pre-existing case; defendant in the current case) and which is based upon federal question (*Bellinger v. Wells Fargo et al.*, 1:14-cv-1076). After he filed the *Bellinger v. Wells Fargo* federal question case, Mark Bellinger removed the Calaveras County unlawful detainer "into" the pre-existing federal case (*Bellinger v. Wells Fargo et al.*, 1:14-cv-1076).

A removed case cannot be removed "into" a pre-existing case. Local Rule 101(e) provides that a removed action must be initiated as any other newly filed action. Further, pursuant to 28 U.S.C. §1441, the Court must assess its subject matter jurisdiction. Subject matter jurisdiction is determined, as explained above, by the "well-pleaded complaint" in the removed action. *Rivet v. Regions Bank of Louisiana*, 522 US 470, 475, 118 S.Ct. 921, 925 (1998). Thus, the Court considers the complaint that is removed to determine whether the Court has jurisdiction. "For better or worse ... a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Board of State of Calif. v. Construction Laborers Vacation Trust for Southern Calif.,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846 (1983) (emphasis in original). Whether a defendant may rightfully remove a case from a state court to a federal district court is entirely governed by statutory authorization by Congress. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979). Plaintiff cannot escape the requirements of the well-pleaded complaint rule by incorporating a removed action into a pre-existing case.

### RECOMMENDATIONS AND ORDER

For the reasons discussed above, this Court lacks subject matter jurisdiction over this action, and Defendant has failed to show that removal is proper. Accordingly, this Court RECOMMENDS this case be REMANDED to the Calaveras County Superior Court; and

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to

5

these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 2, 2014**             /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE